IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MAXELL, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-92-RWS |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Partially Opposed Motion for Partial Stay Pending Final Resolution of ITC Investigation. Docket No. 149. This motion was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636. Docket No. 236. The Court heard argument on the motion on February 26, 2025. Docket No. 240. At the Court's request, the parties filed a stipulation if the Court does not stay the case with respect to the '590 Patent. Docket No. 245. The Court entered the parties' stipulation on March 17, 2025. Docket No. 248.

For the reasons set forth below, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The parties' claims involving the '241 Patent are **SEVERED** into a separate cause of action, which is **STAYED** according to the terms of the stipulation (Docket No. 248). The motion is otherwise denied.

## BACKGROUND

On September 7, 2023, Maxell filed the instant action in this Court against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") alleging

the infringement of U.S. Patent Nos. 8,037,161; 8,982,086; 10,176,848; 11,223,757; 11,017,815; 10,129,590 ("the '590 Patent"); and 11,445,241 ("the '241 Patent"). Docket No. 1.

On December 16, 2024, Maxell filed a complaint against Samsung at the International Trade Commission ("ITC"), asserting the same '241 Patent it asserted in this case, as well as five other patents that are not asserted here. Docket No. 149-7 at 1. The ITC instituted an investigation on January 17, 2025. *Id.* at 2-3. Defendants move to partially stay this case until the final resolution of the ITC action with respect to the '241 Patent under the mandatory stay provision of 28 U.S.C. § 1659(a). Docket No. 149 at 9-10. Defendants also request a similar stay with respect to the '590 Patent, which is a parent of the '241 Patent, under either the mandatory stay provision or, in the alternative, as a discretionary stay under the Court's inherent authority to manage its own docket. *Id.* at 11-14. The '241 Patent is a continuation of the '590 Patent. *See* Docket No. 149-1 at PageID# 3. Maxell agrees to a stay concerning the '241 Patent but opposes a stay concerning the '590 Patent.

## APPLICABLE LAW

Under the mandatory stay provision of 28 U.S.C. § 1659(a), when parties in a civil action are also parties to an ITC proceeding, a "district court shall stay" claims that involve the "same issues" as those before the ITC. The "same issues" include "questions of validity, infringement, and any defenses that might be raised in both proceedings." *Saxon Innovations, LLC v. Palm, Inc.*, No. 6:09-CV-272, 2009 WL 3755041, at *1 (E.D. Tex. Nov. 4, 2009) (Love, J.) (citing H.R. REP. NO. 103-826(I) at 141). Further, the "same issues" arise where the patentee asserts claims at the ITC that are "identical" and "parallel" to claims asserted in a pending civil action. *Id.* at *2 (*citing SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1065 (W.D. Wisc. 2008)); *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007) ("The purpose of § 1659(a) was to prevent infringement proceedings from occurring 'in two forums at the same time.' . . . In the case of

§ 1659, the purpose of the statute is to avoid duplicative proceedings." (quoting H.R. REP. NO. 103-826(I) at 141)).

Absent cause for a mandatory stay, the Court has the inherent power to control its own docket, including the power to grant a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The proponent of a stay bears the burden of establishing its need. *Id.* at 255. In deciding whether to grant a request for a stay, the Court considers: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Black Hills Media, LLC v. Samsung Elecs. Co.*, No. 2:13-CV-379-JRG-RSP, 2014 WL 12951780, at *1 (E.D. Tex. Mar. 17, 2014).

## DISCUSSION

As noted above, Maxell does not dispute the claims concerning the '241 Patent must be stayed, and therefore Samsung's motion is granted with respect to that patent. *See* Docket No. 176 at 1, n.2. But, as explained below, Samsung has not carried its burden of demonstrating the necessity of a mandatory or discretionary stay with respect to the '590 Patent; therefore, this case will proceed on that patent.

I.   **Mandatory Stay of the '590 Patent**

   A.   **A Mandatory Stay Only Applies for the Same Patent**

The parties dispute the scope of the mandatory stay provision. Samsung argues that claims involve the "same issues" if they are "essentially the same," borrowing the definition from claim preclusion caselaw. Docket No. 149 at 10 (quoting *In re PersonalWeb Techs. LLC*, 961 F.3d 1365,

1375 (Fed Cir. 2020)). In support, Samsung notes that the '241 and '590 Patents share a common specification and argues that the relevant claims are "nearly identical." *Id.* at 3. Further, Samsung argues that the theories of infringement, invalidity, and damages; accused products and features; and witnesses associated with the '241 Patent are the same as those for the '590 Patent. *Id.* at 3–6, 10; *see* Docket No. 240 at 5:4–7:9. Maxell argues that Samsung ignores differences in patent claim scope, and that the ITC action will involve different accused products and validity grounds. Docket Nos. 176 at 5–9, 244-1 at 8–12, 176-2. Maxell also argues that any claim overlap is "speculative" at this point, due to the early stage of the ITC action. *See* Docket No. 240 at 33:10–35:6. Citing case law in this District and from the Western District of Wisconsin, Maxell argues that for a claim to involve the "same issues," the claim must involve the "same patent" at the ITC and in district court and "identical parallel claims." Docket No. 176 at 4-5. Maxell has the better argument.

First, Samsung's use of caselaw from claim preclusion is inapposite. Whether to grant a temporary stay concerning the '590 Patent is a different inquiry from whether claim preclusion should apply to "*foreclose*[] successive litigation" concerning it. *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018) (emphasis added). Samsung does not explain why the Court should borrow from claim preclusion caselaw, nor does it provide any persuasive authority interpreting § 1659 in that manner.

Instead, the key consideration of whether the two actions involve the "same issues" under § 1659 is whether the ITC action will involve "duplicative proceedings of identical parallel claims." *AGIS Software Dev. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-263-JRG-RSP, 2023 WL 5351963, at *2 (E.D. Tex. Aug. 21, 2023); *see also In re Princo Corp.*, 486 F.3d at 1368 (similar). Courts in this District have used that key consideration to deny mandatory stays for patents in district court that were not "the same patent[s] before the ITC." *See, e.g., Saxon*, 2009 WL

3755041, at *2 (holding that § 1659 did not apply because "the claim for infringement filed in this court is not the alleged infringement of the same patent before the ITC") (citations omitted). Courts outside of this District have also interpreted § 1659 to mandate stays only when the "parallel claims involve the same issues about the *same patent*." *See, e.g.*, *SanDisk*, 538 F. Supp. 2d at 1065 (emphasis added); *Wirtgen Am., Inc. v. Caterpillar Inc.*, No. 17-CV-770-RGA, 2021 WL 7209780, at *1 (D. Del. May 27, 2021) (quoting *SanDisk*, 538 F. Supp. 2d at 1065).

Samsung requests departing from the requirement that the same patent must be asserted in both fora because Maxell's claims under the '590 Patent at the district court and '241 Patent at the ITC "are nearly identical." Docket No. 149 at 3-5; *see also* Docket Nos. 150-1 (excerpts of Maxell's '590 Patent infringement contentions in district court), 149-5 (excerpts of an exhibit to Maxell's complaint at the ITC showing '241 Patent infringement theories). To be certain, there is a significant overlap in accused devices and claim scope, given the relatedness of the patents. But Maxell points out numerous differences between the two proceedings to show the infringement and validity issues will not be "identical." *See, e.g.*, Docket No. 176 at 6-8 (noting the representative products in both venues are different, and there is not complete overlap in accused products; arguing that the differences in claim language in the '241 Patent, though not extensive, result in the '241 Patent having a larger claim scope; Maxell is asserting mean-plus-function claims from the '241 Patent at the ITC but not from the '590 Patent here; and that, depending on the IPR proceedings, validity theories could be presented at the ITC but not at the district court). While some of these arguments have more merit than others, and the parties naturally dispute how material these differences are, they are sufficient to counsel against Samsung's invitation to depart from a consistent rule in this District that § 1659's mandatory stay provision applies only when the "same patent" is asserted in both the district court and ITC.

Thus, because the '590 Patent is not before the ITC, the '590 Patent claims should not be stayed under § 1659.

### B.  The "Same Issues" are Not Involved

Even if Samsung were correct that the ITC could require a mandatory stay of a different patent pending in district court, the Court nevertheless concludes that the district court proceedings concerning the '590 Patent and the ITC proceedings concerning the '241 Patent do not involve the "same issues" for the reasons below. Thus, a mandatory stay of the '590 Patent is also not warranted on this ground.

First, Samsung's arguments that have merit. When disputing the differences in claim scope between the two patents, both parties have used a comparison of claim 1 of the '590 Patent and claim 1 of the '241 Patent. Docket Nos. 149 at 3–5, 244-1 at 8–9. While it is true that these claims are not exactly the same, the material difference that Maxell presents is not persuasive. *See* 244-1 at 8–9. Maxell claims that the "when an indication" language in claim 25 of the '241 Patent is materially different from the "in response to" language of the '590 Patent claims, but Maxell fails to identify at what point in this litigation it has treated these terms as distinct from each other. Docket Nos. 240 at 60:17–61:7 (explaining that the claim language has always been treated as equivalent in the expert reports and summary judgment briefing), 120 at 7 (discussing both limitations in the claims together and arguing that the "Bluetooth file share function does not practice these limitations [in both of the claims]").

Additionally, Maxell's argument that it has asserted new '241 Patent claims at the ITC that it has not asserted here is not persuasive. Docket Nos. 176 at 7, 240 at 36:10–37:24. What matters is whether the same issues for the '590 Patent claims asserted here will also be addressed through the '241 Patent claims asserted at the ITC. Mere overlap in patent claim language alone, however, does not warrant a mandatory stay. *AGIS*, 2023 WL 5351963, at *2 (finding exemplary charting

of claim language alone to be insufficient on the question of whether the district court and ITC actions involve identical claims).

Nevertheless, Samsung fails to show the "same" infringement theories will be litigated in both fora. While Samsung argues that the '590 Patent in this action and the '241 Patent at the ITC share the same types of infringement issues (Docket No. 240 at 10:6–12:6, 149-5; *see generally* Docket No. 150-1), Maxell argues that there are different issues, explaining that while the parties have stipulated to the Samsung Galaxy S22 as the representative product for the '590 Patent in this case, that product will not be at issue in the ITC action because the S22 is not imported by Samsung anymore. Docket No. 176 at 8. Although Samsung states that there is "overlap" between the accused products in the two cases, it admits that the "ITC case will ultimately involve [accused] products that are newer than the products that are at issue in this case." Docket No. 240 at 12:24–14:8. Therefore, the parties must base the infringement analysis at the ITC on a different accused product, likely a device in the Samsung S25 product line, which is not at issue in this district court case because that product line was only released earlier this year. Docket Nos. 176 at 8, 240 at 33:24–34:9. This difference appears to require a different infringement read, as Maxell explains that the "S25, [] based on what [is] know[n] today, does operate differently in a meaningful way with at least regard to the [] Bluetooth file sharing functionality." Docket No. 240 at 35:9–12.[1]

Samsung also fails to show the same validity issues will be addressed in both fora. Samsung alleges that the same prior art asserted in this case for the '590 Patent will be used against the '241 Patent in the ITC case. Docket No. 240 at 12:7–15; *see* Docket No. 149-6 (showing the prior art

---

[1] Relatedly, Maxell states that "none of the asserted '590 claims [in district court] include the means-plus-function limitations present in independent claim 28 of the '241 Patent [asserted at the ITC]." Docket No. 176 at 7. Samsung does not sufficiently address this distinction, other than to say these issues will not be addressed in district court. Docket Nos. 200 at 3; 240 at 59:18–60:7.

between the two patents for the district court action is the same). Maxell argues that because Samsung's stipulations at the PTAB state only that Samsung will not pursue certain validity grounds "in [this] parallel district court proceeding," additional invalidity defenses may be presented in the ITC action for the '241 Patent. Docket Nos. 176 at 8, 240 at 38:3–11. Because prior art has not yet been elected in the ITC action (*see* Docket No. 240 at 12:7–15), whether this issue is the "same" is still speculative, as Maxell suggests. Docket No. 240 at 37:25–38:16.

Taking all this together under the operative caselaw on § 1659, there are different "questions of validity, infringement, and any defenses that might be raised in both proceedings," specifically with respect to the accused products and potential invalidity theories. *Saxon*, 2009 WL 3755041, at *1. Even assuming that an ITC investigation for infringement of one patent could trigger a mandatory stay under § 1659 of a different patent, this case and the ITC action are not the duplicative proceedings that § 1659 was enacted to avoid. *AGIS*, 2023 WL 5351963, at *2; *In re Princo Corp.*, 486 F.3d at 1368.

For the reasons above, the Court denies a mandatory stay of the '590 Patent.

## II.     Discretionary Stay of the '590 Patent

Next, the Court determines whether it should exercise its inherent power to stay proceedings concerning the '590 Patent. Notably, the parties have stipulated that if the Court denies this motion and "the '590 Patent (1) proceeds as part of the [] trial [in this case,] . . . (2) is voluntarily dismissed or removed as an asserted patent by Maxell before that trial, or (3) is held invalid or not infringed by this Court on summary judgment, Maxell will dismiss, with prejudice, its claims with respect to the '241 Patent from this case once the ITC case is resolved." Docket No. 248 at ¶ 1. Thus, the parties stipulate that "if Samsung's Motion is denied as to the '590 Patent, . . . this case will not proceed to trial on the '241 Patent." *Id.* at ¶ 3. Samsung stipulates in return

that if Maxell dismisses with prejudice its claims regarding the '241 Patent, then Samsung will do the same for its counterclaims. *Id.* at ¶ 2. This stipulation removes the potential need for a second trial on the '241 Patent.

### A.     Simplification of the Issues

Turning to the relevant discretionary stay factors, "the most important factor bearing on whether to grant a [discretionary] stay" is "whether the stay is likely to simplify the issues at trial." *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-CV-259-JRG-RSP, 2020 WL 1433960, at *5 (E.D. Tex. Mar. 24, 2020). Samsung argues that because Maxell asserted the '241 Patent at the ITC and that § 1659 subsequently mandates its stay, the Court will need to conduct a second jury trial on infringement of the '241 Patent after the ITC investigation concludes. Docket No. 149 at 1, 12–13. According to Samsung, the Court should stay the '590 Patent to try the '590 and '241 Patents together because they concern the same evidence, issues, and witnesses. *Id.*; Docket Nos. 239-1, 200 at 1. This argument is moot, however, in light of the parties' stipulation. *See* Docket No. 248. Proceeding to trial on the '590 Patent in this case may increase trial time on the order of hours, not days. Docket No. 240 at 54:5–11. A second jury trial, on the other hand, would require at least a week or more of the parties' and the Court's time and resources. Maxell's stipulation eliminates the specter of a second jury trial and consequently, staying the '590 Patent would only complicate, rather than simplify, the issues in this case. Docket No. 248.

The stipulation moots most of Samsung's other arguments. Samsung notes that trying the two patents separately would constitute impermissible claim-splitting because the parties' experts have only offered a single royalty rate for the two patents. Docket No. 149 at 13. The Court need not reach this claim-splitting issue because Maxell's stipulation to dismiss the '241 Patent with prejudice once the ITC case is resolved also moots this issue. Docket No. 248 at ¶ 1.

Finally, Samsung argues that staying both patents might simplify the issues because any rulings in the ITC action will inform the Court's disposition on those patents. Docket No. 149 at 14. Given (1) that there are different issues concerning the '241 Patent at the ITC and the '590 Patent here (*see supra* § I.B), (2) that damages are not an available remedy at the ITC, and (3) the late stage of this case, it is likely that the ITC proceedings will lend little assistance to the Court. *See Promethean Inc. v. eInstruction Corp.*, No. 9:10-CV-106, 2010 WL 11629212, at *3 (E.D. Tex. Nov. 30, 2010) ("At this point in the proceedings, it is impossible to tell what issues the ITC will end up considering."). And to be clear, ITC determinations are not preclusive on this Court. *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("ITC decisions are not binding on district courts in subsequent cases brought before them . . . . The district court can attribute whatever persuasive value to the prior ITC decision that it considers justified.").

This "most important factor" weighs strongly against a stay.

**B.     Undue Prejudice to Maxell**

Next, Samsung argues that a stay would not unduly prejudice or present a clear tactical disadvantage to Maxell because Maxell should have anticipated that it was risking a stay on the '590 Patent when it asserted the '241 Patent at the ITC. Docket No. 149 at 11–12. Samsung also argues that there would be no prejudice if the '590 Patent claims are stayed because the infringement, invalidity, and damages evidence for that patent is different from the other five unrelated patents that Maxell asserted in this case. *Id.* at 12. Finally, Samsung argues that Maxell will not experience prejudice because it does not compete with Samsung and is only seeking a reasonable royalty. *Id.*

In response, Maxell argues that it would experience undue delay if the '590 Patent is stayed because it would not be able to litigate the '590 Patent in this case for "roughly two years." Docket

Nos. 176 at 9, 240 at 42:13–20. Maxell argues that the prejudice would be especially pronounced given that there are different issues at stake concerning the '241 Patent at the ITC and the '590 Patent in district court, and therefore the ITC action would not simplify this case. Docket No. 176 at 10. Maxell explains that in choosing to assert the '241 Patent at the ITC, it did not anticipate that a stay would extend to the '590 Patent given the differences in scope between the patents and existing precedent in this District. *Id.* at 11; Docket No. 240 at 42:6-43:7.

Maxell has an interest in the timely enforcement of its patent rights. The fact that Maxell does not compete with Samsung or is only seeking a reasonable royalty does not cut against that interest. *See, e.g.*, *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-113-JRG, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) ("The Court . . . is 'not persuaded by [the] argument that because [the patentee] is not a competitor of [Defendants], a delay to this litigation will result in no prejudice.' . . . [T]his Court has repeatedly found that a delay in recovering monetary damages is 'far from nonprejudicial' and is entitled to weight under this factor.") (citing cases); *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-36-RWS, 2020 WL 10456915, at *2 (E.D. Tex. Apr. 27, 2020). If the '590 Patent claims are stayed for the predicted two years, Maxell would be unduly prejudiced. *See SiOnyx, LLC v. Samsung Elecs., Co.*, No. 2:24-CV-408-JRG, 2024 WL 4007808, at *3 (E.D. Tex. Aug. 30, 2024). A court in this District has found that even delaying an infringement claim by eight months would be prejudicial. *Saxon*, 2009 WL 3755041, at *2.

On the other hand, Maxell filed its ITC claim knowing that this would guarantee a stay of its claims related to the '241 Patent; the possibility of a stay as to the '590 Patent, which is in the same family as the '241 Patent, was foreseeable. *Kirsch Rsch. and Dev. LLC v. DuPont de*

*Nemours, Inc. et al.*, No. 5:20-CV-57, Docket No. 60 at 3 (E.D. Tex. Aug. 11, 2020). Because this factor cuts both ways, it is neutral.

  C. **Stage of the Proceedings**

The parties have completed all discovery in this case as well as the briefing on numerous dispositive motions. *See* Docket No. 115. Trial is set for May 19, 2025. *Id.* "The case is not in its infancy and is far enough along that a stay would interfere with ongoing proceedings." *Maxell*, 2020 WL 10456915, at *2. Indeed, this Court has found this factor to weigh heavily against a stay when discovery and briefing on dispositive motions are complete. *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-36-RWS, 2020 WL 10458088, at *2 (E.D. Tex. Nov. 17, 2020) (explaining that at this stage, both parties and the Court have already "expended significant resources" in the progress of the case).

Samsung argues that this factor is neutral. Docket No. 149 at 14. This is not persuasive. As Maxell explained, courts have found this factor to weigh against a stay even when the motion for a stay is made much earlier than in this case. Docket No. 176 at 14; *Uniloc*, 2020 WL 1433960, at *5 (holding that the factor weighed slightly against a stay even when months of fact discovery remained); *AGIS*, 2023 WL 5351963, at *2 ("Given that claim construction and the fact discovery deadlines are imminent, the final factor weighs against a stay").

Samsung cites two cases where a court in this District has granted a discretionary stay of proceedings involving a patent that was not before the ITC, but was similar or related to a patent at issue before the ITC. Docket No. 149 at 9, 13–14; *Black Hills*, 2014 WL 12951780, at *1; *Ōura Health Oy v. Ultrahuman Healthcare Pvt Ltd.*, No. 2:23-CV-396-JRG-RSP, 2024 WL 3647627, at *2 (E.D. Tex. Aug. 2, 2024). These cases are distinguishable at least because the discretionary stays were granted at the outset of litigation. *Black Hills*, 2014 WL 12951780, at *1; *Ōura*, 2024 WL 3647627, at *2. This factor weighs strongly against a stay.

In sum, because two factors weigh strongly against a stay and one is neutral, Samsung's request for a discretionary stay of the '590 Patent is denied.

## CONCLUSION

For the reasons set forth above, it is

**ORDERED** that Defendants' motion for a partial stay (Docket No. 149) is **GRANTED** with respect to the '241 Patent and **DENIED** with respect to the '590 Patent. This case will proceed on the '590 Patent. Therefore, all of the dispositive motions related to the '590 Patent will be heard at the dispositive motions hearing set for April 9, 2025. *See* Docket Nos. 182, 249.

The grant of Defendants' motion only affects one of the seven patents asserted in this case. To avoid future complications arising from a partial stay, the Court further **SEVERS** the parties' claims involving the '241 Patent into a separate cause of action. Additionally, the Court **WAIVES** any required filing fee for the new case. It is further

**ORDERED** that the severed case is **STAYED** according to the terms of the stipulation (Docket No. 248). It is further

**ORDERED** that the parties inform the Court within 14 days of a decision on the final outcome of ITC Inv. No. 337-TA-1432.

SIGNED this the 21st day of March, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE